

IN THE
TENTH COURT OF APPEALS

No. 10-24-00032-CV

IN RE THE COMMITMENT OF DAVID MACH LANDECK

From the 52nd District Court
Coryell County, Texas
Trial Court No. DC-22-53995

MEMORANDUM OPINION

The State of Texas filed a petition to civilly commit David Mach Landeck as a

sexually-violent predator under the Sexually Violent Predator Act ("the Act"). *See* TEX.

HEALTH & SAFETY CODE ANN. §§ 841.001-.209. A jury found beyond a reasonable doubt

that Landeck is a sexually-violent predator. *Id.* at § 841.003. The trial court entered a final

judgment and order of civil commitment under the Act. *See id.* at § 841.081. On appeal,

Landeck challenges the legal sufficiency of the evidence as to the "behavioral

abnormality" element of the jury's sexually-violent-predator finding.[1]  *See id.* at §

841.003(a)(2).

STANDARD OF REVIEW AND APPLICABLE LAW

Proceedings under the Act are civil in nature, but because the State's burden of

proof at trial is the same as in a criminal case, we review verdicts in cases brought under

the Act using the standard of review applied in criminal cases.  *In re Commitment of*

*Stuteville*, 463 S.W.3d 543, 551 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).  When

reviewing a legal-sufficiency challenge to the evidence in a sexually-violent-predator

case, we assess all of the evidence in the light most favorable to the verdict to determine

whether a rational jury could find, beyond a reasonable doubt, each of the elements that

the State must prove to support a judgment of civil commitment.  *In re Commitment of*

*H.L.T.*, 549 S.W.3d 656, 661 (Tex. App.—Waco 2017, pet. denied) (citing *In re Commitment*

*of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied)).

As defined in the Act, a sexually-violent predator is a person who "(1) is a repeat

sexually violent offender; and (2) suffers from a behavioral abnormality that makes the

person likely to engage in a predatory act of sexual violence."  TEX. HEALTH & SAFETY

CODE ANN. § 841.003(a).  A person is a "repeat sexually violent offender" if he has been

---

[1] The jury charge included the statutory definitions for "sexually violent predator," "repeat sexually violent offender," "behavioral abnormality," "predatory act," and "sexually violent offense."  *See* TEX. HEALTH & SAFETY CODE §§ 841.002(2), 841.002(5), 841.002(6), 841.002(8), 841.003(a), 841.003(b).  The jury was only required to answer one question – "Do you find beyond a reasonable doubt that DAVID MACH LANDECK is a sexually violent predator?"

convicted of more than one sexually-violent offense and a sentence was imposed for at least one of the offenses. *Id.* at § 841.003(b). Regarding the second element, a "behavioral abnormality" is defined as "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* at § 841.002(2).

DISCUSSION

The record reflects that Landeck was convicted of: (1) Aggravated Sexual Assault with a Deadly Weapon in Bell County, Texas on December 15, 1987 and sentenced to life in prison; (2) Aggravated Sexual Assault in Coryell County, Texas on January 26, 1988 and sentenced to twenty-five years in prison; and (3) Aggravated Sexual Assault of a Child in McLennan County, Texas and sentenced to fifty years in prison. *See* TEX. PENAL CODE ANN. §§ 22.021. Each of these offenses are "sexually violent offenses" as defined in the Act. TEX. HEALTH & SAFETY CODE ANN. § 841.002(8)(A). Landeck does not contest the legal sufficiency of the evidence supporting the implied jury finding that he is a repeat sexually violent offender.

Landeck's legal insufficiency argument centers around his proffered formula – "sexual deviancy + antisociality = behavioral abnormality." He contends that the State's failure to offer sufficient "'proof of dangerousness' – *i.e.*, antisociality" in conjunction with his pedophilia diagnosis is fatal to the jury's implied finding that he suffers from a

behavioral abnormality. To support his position, he cites to several cases that note how the combination of sexual deviancy and antisociality creates a significant risk for sexually-violent recidivism. However, the cited cases do not stand for the proposition that the Act – or due process – necessitate both antisociality and sexual deviancy to support a finding of a behavioral abnormality. A medical diagnosis of a person's mental health, though informative in a behavioral-abnormality assessment, is not required. *See In re Commitment of Bohannan*, 388 S.W.3d 296, 306 (Tex. 2012). "[T]he principal issue in a commitment proceeding is not a person's mental health but whether he is predisposed to sexually violent conduct." *Id.* The Act specifically defines "behavioral abnormality," and it is within the confines of the statutory definition that we review whether legally sufficient evidence exists to support the jury's verdict. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.002(2); *see also In re Commitment of Stoddard*, 619 S.W.3d 665, 678 (Tex. 2020) (finding error in the appellate court's factual sufficiency analysis where the appellate court required proof of more than the two statutorily-required elements under the Act).

At trial, the State presented testimony from Dr. Antoinette McGarrahan, a forensic psychologist who evaluated Landeck and determined, in her professional opinion, that Landeck has a behavioral abnormality as defined by the Act. McGarrahan diagnosed Landeck with pedophilic disorder – "intense, sexually arousing fantasies, urges, or behaviors that involve prepubescent children" – which she described as a congenital or acquired condition. His condition, she explained, affects Landeck's emotional and

volitional capacity by causing difficulty in controlling his urges to engage in repetitive sexual contact with children. Relative to his predisposition to commit a sexually-violent offense, McGarrahan testified that Landeck's sexual deviancy, which she described as one of the strongest risk factors for engaging in future sex-offending behavior, was the primary factor in her behavior-abnormality determination. She defined "sexual deviancy" as sexual fantasies, urges, and behaviors not condoned by society, and further described Landeck's sexual deviancy as "quite engrained [sic]" and "quite intense." McGarrahan noted particular concern for Landeck's "persistence after punishment" as an indicator of the strength of his sexual deviancy. She also testified that she believed Landeck continues to be a menace to the health and safety of others due to his chronic pedophilic condition, lack of insight into his sexual deviance, and inability to monitor and control his own behaviors. Though not required for a finding of behavioral abnormality, McGarrahan also provided some evidence of Landeck's "antisociality." She testified that Landeck "certainly has antisocial beliefs and behaviors," though they did not warrant a diagnosis of antisocial personality disorder or psychopathy. As a result of her evaluation, McGarrahan found Landeck to be at an "above average risk" to sexually reoffend.

Landeck also testified at trial. He admitted that he was convicted of the three sexually-violent offenses described above and discussed his history involving accusations, investigations, arrests, charges, and convictions related to sexual contact

with minor children. Regarding the Bell County offense, Landeck agreed that it occurred in March of 1985 and involved an 11-year-old girl who was a stranger to him. He was found guilty after a trial but maintained that he did not commit this offense. Landeck was then questioned in July of 1986 as a suspect for a sexual assault against a 12-year-old girl, and he agreed that after being questioned about this offense, he was aware that he was "on [law enforcement's] radar." His McLennan County offense, which involved a 9-year-old girl who was a stranger to him, occurred in August of 1986 – just one month after he was questioned by law enforcement. He was found guilty after a trial but maintained that he also did not commit this offense. The Coryell County conviction is the only conviction that Landeck agreed was valid, though he disagreed with the events as described by the State. According to Landeck, this offense occurred in November of 1986 and involved a 15-year-old girl. Landeck testified that the 15-year-old was not a stranger to him, but he was unaware that she was minor. He admitted that the 15-year-old got into his car and that he drove her to a secluded area, but he denied putting a knife to her throat as she alleged. Landeck explained that what started out as a consensual encounter became nonconsensual when the 15-year-old told him to stop. He admitted that he did not stop when requested because "the way we was raised, if you start having sex, you finish having sex. She was willing at first." Landeck testified that he now understood that continuing to have sex with her after she told him to stop was wrong.

The State also questioned Landeck about past accusations of inappropriate contact with minors that allegedly occurred while he was on bond. When questioned about "spend[ing] time hanging out at a park with minors across the street from a police station," Landeck explained he would stop at the park to cool off his overheated vehicle. However, he denied the State's accusations that he spent time with minor children or exposed his genitals to a 12-year-old child there. Landeck admitted that while he was on bond, he was arrested for the offenses of solicitation of a minor and aggravated kidnapping out of Bell County, Texas. On the stand, he denied committing the acts underlying those charges and disagreed with the State that he previously admitted guilt to those offenses as part of his Coryell County plea agreement on his Aggravated Sexual Assault with a Deadly Weapon conviction. Landeck testified that he does not have a deviant sexual attraction to children, he does not believe he needs to stay away from children, and he does not need sex-offender treatment due to his age and lack of sex drive. He also stated that the four-month sex-offender program he completed while incarcerated helped him with his decision-making skills, and he does not currently have any sexual interest that he is unable to control.

As sole judge of the weight and credibility of the evidence, the jury could reasonably conclude that Landeck suffers from a behavioral abnormality - a congenital or acquired condition that affects his emotional or volitional capacity and predisposes him to commit a sexually violent offense, to the extent that he is a menace to the health

and safety of another person - that makes him likely to engage in a predatory act of sexual violence. Viewing the evidence in the light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that Landeck is a sexually violent predator.

We overrule Landeck's sole issue on appeal.

## Conclusion

Having overruled Landeck's sole issue on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
Affirmed
Opinion delivered and filed July 25, 2024
[CV06]

